## Christie v. Greenleaf

*Ada A. Christie*, for plaintiff.
*Milton S. Leidner*, for defendant.

BOK, P. J., October 18, 1951.—This is a petition for a rehearing on preliminary objections to a bill of complaint. Such objections were at first sustained but the order was vacated and the case was remanded to the law side. This petition was then allowed.

We still see no cause of action, either in equity or at law. Plaintiff has sharpened her position by advising us in her brief that while the obnoxious words addressed to her by defendant were, at least in part, slanderous per se, she specifically does not wish to avail herself of an action for defamation. She chooses to stand entirely upon the right of privacy, which she alleges has been breached by defendant's making her the butt of billingsgate, harsh names and insulting gestures.

Plaintiff can point to no authority to sustain her position. Her entire argument is that the right to be

let alone is a natural one, protected by natural law, and hence deserving of a remedy.

There is indeed a right of privacy and it has been recognized in this State. It clearly does not, however, extend to the sort of bad manners attributed to this defendant, but is restricted to such invasions as broadcasting photographs and letters, tapping telephone wires, and the like. A broad and general publicity is indicated rather than a limited, if public, demonstration like the one before us. The distinction appears to be between demonstrations made *to* the public and those made *in* public. It would be exceedingly dangerous to make bad manners actionable, since the line between them and the sort of harmful hostility that is now known as actionable defamation would be almost impossible to draw. In a sense the line has already been drawn to include as actionable only what the law calls libel and slander. Anything short of that must be considered as one of the many annoyances to the citizenry that are known as damnum absque injuria. A thick hide must take the place of legal protection where the field of protection is obscure.

Plaintiff having, arguendo, an action for slander, as well as the right to have defendant arrested for disorderly conduct, is not without her remedy, and we see no warrant for fashioning the new one she requests.

After this rehearing was granted, the case of Lisowski, etc., et vir v. Jaskiewicz et vir, 76 D. & C. 79 (1951), was decided by Judge Crumlish. The facts are almost identical, and Judge Crumlish has so thoroughly discussed such authorities as there are that it is needless to repeat what he said in denying relief.

The preliminary objections are sustained and the bill is dismissed.